IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY T. ZIEGLER,

                    Petitioner,                         OPINION AND ORDER

       v.                                      14-cv-325-wmc

STATE OF WISCONSIN,

                    Respondent.

---

Jeffrey T. Ziegler has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging two state court convictions from Dane County. Ziegler has paid the filing fee and the petition is now before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For reasons set forth briefly below, the petition must be dismissed.

FACTS

In Dane County Case No. 03CF2548, Ziegler was convicted upon his plea of no contest to charges of stalking and bail jumping as a repeat offender. In Dane County Case No. 03CM3691, Ziegler was similarly convicted of invasion of privacy. On August 31, 2006, Ziegler was sentenced to serve two years and six months in prison, followed by a two-year term of supervised release, for a total sentence of four-and-a-half (4½) years in Case No. 03CF2548. On that same day, the circuit court sentenced Ziegler to serve one year in prison followed by a one-year period of extended supervision for a total sentence of two years in Case No. 03CM3691, both consecutive to the sentence that he received in

1

03CF2548.

Ziegler filed a motion for post-conviction relief from the judgment, arguing that he was denied effective assistance of counsel.  After the trial court denied that motion, Ziegler pursued a direct appeal.  On January 22, 2010, the Wisconsin Court of Appeals summarily affirmed the convictions, as well as the trial court's decision to deny Ziegler's motion for post-conviction relief.  The Wisconsin Supreme Court denied Ziegler's petition for review on July 26, 2010.

On May 2, 2014, Ziegler filed this pending federal habeas corpus petition seeking relief from Case Nos. 03CF2548 and 03CM3691 under 28 U.S.C. § 2254, apparently claiming that he is entitled to relief because:  (1) his plea was invalid; (2) he was denied effective assistance of counsel; (3) he was denied sentence credit; (4) his punishment violated the prohibition against double jeopardy; and (5) the state court erred by failing to hold an evidentiary hearing on these claims.

OPINION

The federal habeas corpus statutes give district courts limited jurisdiction to entertain petitions for habeas corpus relief from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added); 28 U.S.C. § 2254(a).  Moreover, for this jurisdiction to attach, the Supreme Court has clarified that a habeas corpus petitioner must be "in custody" at the time the petition is filed.  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

2

For jurisdiction purposes, the importance of a petitioner's custody status cannot be minimized. The custody element is "required not only by repeated references in the [federal habeas corpus statutes], but also by the history of the great writ." *Carafas,* 381 U.S. at 238 (footnotes and internal citations omitted). "Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person." *Id.* (citing *Peyton v. Rowe*, 39 U.S. 54 (1968)); *see also Brown v. Allen*, 344 U.S. 443, 533 (1953) (Jackson, J., concurring) ("The historic purpose of the writ has been to relieve detention by executive authorities without judicial trial").

While petitioner has provided a copy of the judgments in Case Nos. 03CF2548 and 03CM3691, these exhibits show that the sentences received in those cases have both been discharged. Specifically, petitioner was sentenced on August 31, 2006, to consecutive sentences of imprisonment and extended supervision *totaling* six-and-a-half years. Thus, the sentence of imprisonment and supervision in Case No. 03CF2548 expired in 2011, while the consecutive sentence of imprisonment and supervision in 03CM3691 expired in 2013.

The Supreme Court has held that a petitioner is not in custody for purposes of federal habeas corpus review once the challenged sentence has fully expired. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). While the petitioner refers to being held on "Parole" in Dane County, Wisconsin, he does not identify any state official in charge of his custody or allege facts showing that he is otherwise restrained as a result of these challenged

convictions.   Under these circumstances, the federal writ of habeas corpus is not available to review his convictions.   *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).   Accordingly, his petition must be dismissed for lack of subject matter jurisdiction under the federal habeas corpus statutes.   *See Maleng*, 490 U.S. at 492-93.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.   A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"   *Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."   *Slack*, 529 U.S. at 484.

Although Rule 11 allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is

4

not a close one.   For the reasons stated above, reasonable jurists would not debate whether the court's ruling was correct.   Therefore, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1.   The federal habeas corpus petition filed by Jeffrey T. Ziegler is DISMISSED for lack of subject matter jurisdiction.

2.   A certificate of appealability is DENIED.   Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 3rd day of April, 2017.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

5